UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDALL GRANT THRIFT,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 2:14-cr-0308 JAM DB<br><br><br><br>ORDER |

Movant, a federal prisoner proceeding through counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant contends that his prior assigned defense attorney, Danny D. Brace, Jr., provided ineffective assistance of counsel before Movant's entry of a guilty plea to five counts stemming from marijuana related offenses. Movant alleges that Mr. Brace "grossly misrepresented the consequences of the plea agreement and gave erroneous advice by promising Mr. Thrift that his Guideline exposure was 70-87 months, when his actual exposure under the plea agreement was 151-188 months." Mr. Brace is also alleged to have failed to conduct necessary preparation and investigation, to have missed critical filing deadlines, to have failed to establish and maintain communication with Movant, and to have failed to investigate and present exculpatory information in negotiating a plea agreement.

Respondent moves for an order finding that, by asserting his ineffective assistance of counsel claim, Movant has waived the attorney-client privilege as to all of his prior defense

counsel, to include counsel before Mr. Brace was assigned (John E. Virga, Megan Virga, and Kevin McKinley). Respondent argues that it needs former defense counsel's oral and written communications with Movant in order to properly respond to the petition. Movant has not responded to the motion.

It is well established that a habeas petitioner severs the attorney-client privilege when the petitioner files a § 2255 petition asserting ineffective assistance of counsel. Bittaker v. Woodford, 331 F.3d 715, 716-17 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas Movant raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."). However, the privilege is waived only "to the extent necessary to give [Respondent] a fair opportunity to defend against [the claim]." Id. at 720. The Court should impose a waiver "no broader than needed to ensure the fairness of the proceedings before it." Id. Consequently, discovery attorney-client communications requires a narrowly-drawn protective order. Id. at 720-25.

Based on the foregoing, **IT IS HEREBY ORDERED** that Respondent's application (ECF No. 123) is **GRANTED** subject to the following terms:

1. The Court finds that Movant, through his motion alleging ineffective assistance of counsel, has waived the attorney-client privilege with respect to prior defense counsel, John E. Virga, Megan Virga, Kevin McKinley, and Danny D. Brace, regarding (1) any and all plea negotiations and/or considerations, including any and all case-related discussions regarding the nature of the charges and the consequences of the plea in Case No. 2:14-cr-00308-JAM; (2) consideration of the plea agreement tendered to the Court on June 3, 2016, in Case No. 2:14-cr-00308-JAM; (3) any communications, strategy, discussions, research, and investigative work product about the potential sentence, sentencing guidelines, or sentencing mitigation related to the charges filed in Case No. 2:14-cr-00308-JAM; and (4) any communications, strategy, discussion, and investigative work product related to trial preparation, witness interviews, impeachment of government witnesses, and motions *in limine* in Case No. 2:14-cr-00308-JAM.

2. The Court orders John E. Virga, Megan Virga, Kevin McKinley, and Danny D. Brace to provide a copy to Respondent of all information in their possession regarding (1) any and all

plea negotiations and/or considerations, including any and all case-related discussions regarding the nature of the charges and the consequences of the plea in Case No. 2:14-cr-00308-JAM; (2) consideration of the plea agreement tendered to the Court on June 3, 2016, in Case No. 2:14-cr-00308-JAM; (3) any communications, strategy, discussions, research, and investigative work product about the potential sentence, sentencing guidelines, or sentencing mitigation related to the charges filed in Case No. 2:14-cr-00308-JAM; and (4) any communications, strategy, discussion, and investigative work product related to trial preparation, witness interviews, impeachment of government witnesses, and motions *in limine* in Case No. 2:14-cr-00308-JAM to the United States by **October 1, 2020**.

      3. John E. Virga, Megan Virga, Kevin McKinley, and Danny D. Brace shall provide the information subject to the waiver to the United States, including through an interview and/or deposition, and to respond to related written questions presented by the United States by answer in the form of sworn declaration.

      4. All responsive information provided by John E. Virga, Megan Virga, Kevin McKinley, and Danny D. Brace to the United States shall be to subject to the following protective order:

      a.    All privileged communications or materials obtained by the United States from defense counsel for purposes of responding to Movant's claim of ineffective assistance of counsel shall be deemed confidential.

      b.    Until such time as this Court may order otherwise, these communications or materials may be used only by representatives of the United States Attorney's Office and only for purposes of responding to Movant's § 2255 motion.

      c.    Disclosure of the contents of the communications or materials themselves may not be made to any other persons or agencies, including any other law enforcement or prosecutorial personnel or agencies, without an order from this Court.

      d.    The communications and materials may not be used, cited, or relied upon by the government in any habeas corpus or other related proceedings in federal court, or in any future proceedings against Movant, including any possible retrial.

  e. This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of Movant's criminal case, except that either party maintains the right to request modification or vacation of this order upon entry of final judgment in this matter.

  5. The United States shall file a response to Movant's § 2255 motion on or before **November 2, 2020**.

  6. Movant shall file any reply by **December 2, 2020**.

Dated:  September 23, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/thri0308.waiver