UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENDALL GRANT THRIFT,

            Movant,

    v.

UNITED STATES OF AMERICA,

            Respondent.

No.  2:14-cr-0308 JAM DB

<u>ORDER</u>

      Movant is a federal prisoner proceeding through counsel[1] with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant contends that his prior appointed defense attorney, Danny D. Brace, Jr., provided ineffective assistance of counsel before Movant's entry of a guilty plea to five counts stemming from marijuana related offenses.

      Previously, Respondent moved for an order finding that, by asserting his ineffective assistance of counsel claim, Movant had waived the attorney-client privilege as to *all* of his prior defense counsel, to include retained counsel (John E. Virga, Megan Virga, and Kevin McKinley (the "Initial Attorneys") before the assignment of Mr. Brace. There was no opposition filed to this motion.

---

[1] Movant is represented by John P. Balazs and Zenia K. Gilg.

1

On September 24, 2020, the Court granted Respondent's application. (ECF No. 125.) It found that Movant had waived the attorney-client privilege with respect to prior defense counsel, Mr. Brace and the Initial Attorneys, regarding (1) any and all plea negotiations and/or considerations, including any and all case-related discussions regarding the nature of the charges and the consequences of the plea in Case No. 2:14-cr-00308-JAM; (2) consideration of the plea agreement tendered to the Court on June 3, 2016, in Case No. 2:14-cr-00308-JAM; (3) any communications, strategy, discussions, research, and investigative work product about the potential sentence, sentencing guidelines, or sentencing mitigation related to the charges filed in Case No. 2:14-cr-00308-JAM; and (4) any communications, strategy, discussion, and investigative work product related to trial preparation, witness interviews, impeachment of government witnesses, and motions *in limine* in Case No. 2:14-cr-00308-JAM.

Now before the Court is the Initial Attorneys' motion to modify the finding of waiver. (ECF No. 126.) They contend that they did have an opportunity to object earlier to its scope, which they argue should be limited to Mr. Brace and extend no further. The Initial Attorneys acknowledge "the awkward procedural posture in this pleading," suggesting that their motion should be construed as a motion for relief pursuant to Federal Rule of Criminal Procedure 59(a) or, in the alternative, a motion to quash a subpoena. The Court finds that Rule 59(a) is unavailable for relief because it applies only to "any party," of which the Initial Attorneys themselves are not. The Court does agree that a motion to quash would be the proper procedural vehicle for the Initial Attorneys' appearance, but a subpoena has not been served on them due to what appears to be imprecise language in the Court's September 24, 2020, Order.

Therefore, in order to ensure that this matter is properly before the Court and to clarify any ambiguity, IT IS HEREBY ORDERED as follows:

1. The Initial Attorneys' motion for relief (ECF No. 126) is denied without prejudice to its renewal;

2. Respondent is directed to renew its request for materials and information authorized by the Court's September 24, 2020, Order through service of a subpoena on the Initial Attorneys;

3.  Respondent's motion for extension of time (ECF No. 128) is granted. Respondent shall file its response to Movant's § 2255 petition within sixty days from the date of this Order.

Dated:  November 12, 2020

/DLB7;
DB/Inbox/Substantive/thri0308.waiver(2)

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

3