UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>KENDALL GRANT THRIFT,<br><br>Movant. | No. 2:14-cr-0308 DJC DB P<br><br><br><br>ORDER |

    Movant Kendall Thrift proceeds through counsel with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. This matter is set for an evidentiary hearing on the voluntary and intelligent character of movant's plea to begin on October 30, 2023. (ECF Nos. 152, 153.)

    Movant has filed a motion under Rule 43(c) of the Federal Rules of Civil Procedure and under Rule 611 of the Federal Rules of Evidence requesting an order allowing material witness Robert Storey to testify remotely from Germany via live video conference at the evidentiary hearing. (ECF No. 154.) Mr. Storey is a California-licensed investigator and sentencing consultant who was hired by Mr. Thrift's trial counsel to draft a memorandum addressing objections to movant's presentence report and other sentencing issues. (See ECF No. 99-5.) Mr. Storey has been living in Friedrichsdorf, Germany, since June 22, 2022, and is scheduled to return

to California on December 6, 2023. (ECF No. 154-2 at 1.) Movant argues Mr. Storey's inability while living and working in Germany to appear in person at the scheduled evidentiary hearing provides compelling circumstances to permit him to testify remotely via live video conference. (Id. at 4.)

Respondent did not file an opposition to the motion for order authorizing Mr. Storey to testify remotely by video conference. The court finds the motion to be suitable for decision without oral argument and vacates the hearing set for September 8, 2023.

Federal Rule of Civil Procedure 43 provides, in relevant part, as follows regarding the taking of testimony:

> (a) In Open Court. At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.
>
> [....]
>
> (c) Evidence on a Motion. When a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions.

Fed. R. Civ. P. 43.

Under Rule 611 of the Federal Rules of Evidence, the court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: "(1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a).

In requesting an order permitting Mr. Storey to testify remotely via live video conference, movant argues, first, that subsection (c) of Federal Rule of Civil Procedure 43 applies to the evidentiary hearing and does not necessitate a good cause finding. (ECF No. 154-1 at 2-3.) Movant argues, second, compelling circumstances and available safeguards warrant a good cause finding in this instance even if the court applies subsection (a) rather than subsection (c) of Rule 43. (Id. at 3-5.)

////

Subsection (c) of Rule 43 of the Federal Rules of Civil Procedure applies to evidence on a motion that "relies on facts outside the record[.]" Fed. R. Civ. P. 43(c). Thus, the application of subsection (c) is explicitly limited to when a motion relies on facts outside the record. Easley v. City of Riverside, 765 F. App'x 282, 285 (9th Cir. 2019) (Berzon, J., concurring). Subsection (a) of Rule 43, in contrast, applies in open court and "[a]t trial," but the court does not find it is necessarily limited to trials as movant argues. Thus, the court applies subsection (a) of Federal Rule of Civil Procedure 43 to find good cause and compelling circumstances to allow Mr. Storey to testify remotely at the evidentiary hearing on the voluntary and intelligent character of movant's plea.

"Determining whether good cause and compelling circumstances exist is a matter left to the court's discretion." Gould Elecs. Inc. v. Livingston Cnty. Road Comm'n, 470 F. Supp. 3d 735, 740 (E.D. Mich. 2020) (citing In re RFC & ResCap Liquidating Tr. Action, 444 F. Supp. 3d 967, 970 (D. Minn. 2020)). "[A] district court is afforded wide latitude in determining the manner in which evidence is to be presented." Parkhurst v. Belt, 567 F.3d 995, 1002 (8th Cir. 2009) (citing Fed. R. Evid. 611(a)). "Rule 43(a) does not contemplate inconvenience or distance as *alone* constituting good cause and compelling circumstances [to] warrant video testimony." J.D. v. Price, 619 F. Supp. 3d 523, 530 (W.D. Pa. 2022) (emphasis added). "[C]ourts have nonetheless found that geographical distance [combined with other factors] may indeed provide good cause and compelling circumstances to justify the witness's appearance by video." Aoki v. Gilbert, No. 2:11-cv-02797-TLN-CKD, 2019 WL 1243719, at *2 (E.D. Cal. Mar. 18, 2019). "Good cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by transmission." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment.

Here, the court considers the apparent substance and importance of Mr. Storey's testimony in the full context of the matter to be decided. See Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment. The court does not find any specific detriment to the use of video conferencing for Mr. Storey's live testimony at the evidentiary hearing. Although in-person proceedings are favored, see Draper v. Rosario, 836 F.3d 1072, 1081-82 (9th Cir. 2016), this is

3

1  not an instance in which the observation of Mr. Storey's demeanor through the use of

2  videoconference will be particularly detrimental to the fact-finding process, compare Perotti v.

3  Quinones, 790 F.3d 712, 723 (7th Cir. 2015) (noting an inability to observe demeanor may be

4  particularly detrimental when a party to the case testifies remotely). "Further, the appropriate

5  safeguards exist in this case because [Mr. Storey] will provide live testimony by videoconference,

6  will testify under oath, and will be subject to cross-examination." Aoki, 2019 WL 1243719, at *2.

7      Notably, the government has made no objection to a court order authorizing Mr. Storey to

8  testify remotely. The court is the fact finder for the matters to be determined at the evidentiary

9  hearing and Mr. Storey is not a party to the case. Under these circumstances, the court finds good

10 cause to permit the requested remote testimony under Rule 43(a). See Beltran-Tirado v. I.N.S.,

11 213 F.3d 1179, 1186 (9th Cir. 2000) (affirming use of telephonic testimony subject to cross-

12 examination for out-of-state witness); Aoki, 2019 WL 1243719, at *2 (finding good cause and

13 compelling circumstances to permit videoconference testimony from multiple witnesses outside

14 the court's subpoena power); Dagen v. CFC Grp. Holdings Ltd., No. 00 CIV. 5682 (CBM), 2003

15 WL 22533425, at *2 (S.D.N.Y. Nov. 7, 2003) (finding good cause to allow five of the

16 defendant's employees residing in Hong Kong to testify via telephone).

17     Good cause and compelling circumstances appearing, IT IS HEREBY ORDERED as

18 follows:

19     1. The hearing set for September 8, 2023, on the motion for order authorizing witness

20 Robert Storey to testify remotely is VACATED.

21     2. Movant's motion for an order authorizing witness Robert Storey to testify remotely

22 (ECF No. 154) is GRANTED.

23     3. Witness Robert Storey is authorized to testify remotely via live video conference

24 transmission at the evidentiary hearing on movant's motion under 28 U.S.C. § 2255.

25 Dated: August 31, 2023

26

27

28 DLB7
thri0308.2255.hrg.r43

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

4