UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Respondent,<br><br>     v.<br><br>KENDALL THRIFT,<br><br>            Petitioner. | No.  2:14-cr-00308 DJC DB<br><br><br>ORDER |

      Petitioner, a federal prisoner proceeding through counsel, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Motion (ECF No. 99).)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On February 14, 2024, the Magistrate Judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  (Findings and Recommendations ("F&Rs") (ECF No. 174).)  Respondent filed objections to the findings and recommendations to which Petitioner responded.  (ECF Nos. 175, 178.)

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case.  When a party objects to

1

a portion of a magistrate judge's findings and recommendations, the court must review those portions *de novo*. *See* 28 U.S.C. § 636(b)(1). A district judge need not reconsider those portions of the findings and recommendations to which there is no objection. *See, e.g.*, *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) (citing *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)). After conducting *de novo* review, the district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." *Id.* at 433 (quoting 28 U.S.C. § 636(b)(1)(C)). "In providing for a *de novo* determination . . . [,] Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate[ ] [judge's] proposed findings and recommendations." *Id.* (quoting *United States v. Raddatz*, 447 U.S. 667, 676 (1980)) (omission included; alterations added). In contrast, where no objection is made, that portion of the findings and recommendations are only reviewed for clear error. *See* Fed. R. Civ. P. 72(b). The Government makes four distinct objections which the Court will address in turn.

First, the Government objects to the Magistrate Judge's finding that the Petitioner was a credible witness, and the Magistrate Judge's subsequent reliance on his testimony. In particular, the Government contends that the Petitioner must have either been lying when he pled guilty under oath, or during the hearing on the present petition with respect to whether "any promise or assurance . . . not in the plea agreement" was made, and that the Petitioner therefore could not have provided credible testimony at the hearing. (Objections at 3.) The Court agrees with Petitioner that his statement during the change of plea hearing is not inconsistent with his testimony because he believed that the plea agreement implicitly contained the guideline range his former counsel, Danny Brace, represented to him. (Response at 2–3.) Petitioner's claim is not that he was "guaranteed" a certain sentencing range, but rather that Mr. Brace grossly misrepresented what the applicable guideline range should have been because of his failure to assess the relevant factors and failure to

acknowledge the implications of certain factual admissions. (Mot. at 4; F&Rs at 9–10.)

Moreover, after inquiring as to whether the Petitioner had been given any other promise or assurance, as part of the plea colloquy the Court subsequently asked the Petitioner "Do you understand that the sentence you receive may be different from any estimate your attorney may have given you?" (ECF No. 93 at 11:15–17.) If discussions with counsel regarding the guideline range were properly considered a "promise or assurance," the Court would not have needed to ask this subsequent question. Regardless, this Court gives substantial deference to the credibility determinations made by the Magistrate Judge because she was present during testimony and had the opportunity to evaluate the Petitioner's demeanor and intonation. *See Ramos*, 65 F.4th at 436 (citing *United States v. Nelson*, 137 F.3d 1094, 1110 (9th Cir. 1998)). Accordingly, the Magistrate Judge's factual determination that Mr. Brace told Petitioner the applicable guideline range was 70-87 months is adopted.

Similarly, the Government objects to the Magistrate Judge's decision to sustain Petitioner's objections to identifying the witnesses he believes Mr. Brace should have, but failed to, investigate. The Government claims that the testimony is unreliable because the Government was not allowed to "challenge" the testimony. Evidentiary rulings such as the decision to admit or exclude certain evidence are reviewed for abuse of discretion, and a district court "may affirm an evidentiary ruling on any ground supported by the record" regardless of the grounds relied on by the Magistrate Judge. *United States v. Cuesta*, No. 1:06-CR-40 AWI, 2007 WL 2729853, at *14 (E.D. Cal. Sept. 19, 2007), *aff'd*, 286 F. App'x 358 (9th Cir. 2008); *Grimes v. United Parcel Serv.*, 365 F. App'x 71, 73 (9th Cir. 2010).

Here, while the findings and recommendations do not explicitly address this issue, the record supports the decision to exclude the contested testimony. Petitioner testified that he provided Mr. Brace with the names of witnesses he believed the Government would call to testify, and the names of witnesses related to a separate property where marijuana plants were found that were attributed to Petitioner.

(Transcript of Evidentiary Hearing (ECF No. 168) at 111, 134–146.)  This included the names of individuals who may have had knowledge of the status and ownership of the property.  (*Id.*)  The Government attempted to elicit the names of the individual witnesses, but Petitioner objected because those witnesses were confidential informants or cooperating with the Government.  (*Id.* at 132–36.)  The Magistrate Judge disallowed the question, concluding that "revealing the names of confidential sources" would create security issues given that Petitioner is incarcerated.  (*Id.*)  However, Petitioner described the witnesses and their potential testimony, and the Court finds no error in the Magistrate Judge's decision to exclude testimony as to the specific names of the potential witnesses.  The Magistrate Judge was similarly entitled to rely on Petitioner's testimony that he provided the witnesses to Mr. Brace despite the fact that the Government could not cross-examine Petitioner about the identity of the particular witnesses.

Third, the Government objects to "the Magistrate Judge's decision [to] reward[] Thrift for a self-created exigency and defense counsel's failure to live up to Thrift's expectations within that entirely unnecessary exigency." (Objections at 2.)  The Government essentially argues that the reason Mr. Brace was unable to provide effective assistance of counsel is because Petitioner himself pushed the case forward too quickly by exercising his constitutional right to a speedy trial, and that Petitioner only cared about appealing his motions to suppress.  First, the Magistrate Judge determined that the Government's factual contention – that Petitioner wanted only a perfunctory trial in order to appeal – is incorrect.  The Magistrate Judge made the factual determination that Petitioner desired a full trial and believed he would have had a good chance at defeating some of the charges pending against him.  (F&Rs at 12, 21–23.)  This is evidenced by both his own testimony and the multiple letters he wrote to the CJA Panel Administrator and Judge Burrell expressing concerns about his attorney's preparedness for trial.  (*Id.* at 8, 13.)  Moreover, the Magistrate Judge found Mr. Brace's contrary testimony not credible.  (*Id.* at 21.)

Second, there is ample evidence that Mr. Brace's failure to prepare for trial was of his own doing: "Mr. Brace did not make any known attempts to contact Petitioner's potential witnesses, obtain documents to support the defense case, or impeach government witnesses and evidence;" he failed to request any funds to investigate the claims despite being prompted to by the CJA Panel Administrator to do so; and he did not respond to or file any motions in limine ahead of the trial date.[1] (*Id.* at 8–9.) The Magistrate Judge's findings and recommendation therefore do not "reward" Petitioner, but rather acknowledge Mr. Brace's failure to competently represent his client and prepare for trial.

Finally, the Government argues that merely failing to predict a sentence does not render the assistance of counsel ineffective.  The Government's argument oversimplifies the basis for the Magistrate Judge's finding.  It is not just that the guideline range turned out to be incorrect, but that Mr. Brace grossly miscalculated the range because of a fundamental failure to understand and apply the relevant factors which were "both basic and known". (*Id.* at 19.)  First, Mr. Brace failed to consider that a two-level increase would be applied for "maintaining a place" and a four-level increase would be applied for Petitioner's leadership role, despite the factual basis clearly supporting these increases. (*Id.* at 18–19.)  Mr. Brace also dismissed Petitioner's objection to admitting to possession of the plants and packaged marijuana seized on a different property and in a different individual's car. Mr. Brace informed Petitioner that these facts would not alter the base offense level, when in fact they raised the base offense level from 24 to 26. (*Id.* at 10, 19.)  Mr. Brace also miscalculated Petitioner's criminal history despite known facts which added criminal history points. (*Id.* at 19.)  Because of these multiple oversights, Mr. Brace

---

[1] Moreover, as the Government is well aware, attorneys are obligated to provide competent representation of their clients and advise a client of the implications of the client's proposed course of action.  There is no evidence here that Mr. Brace ever advised Petitioner that pursuing a speedy trial would affect Mr. Brace's ability to adequately prepare.  If Mr. Brace felt that Petitioner's wishes were in conflict with his ability to provide adequate representation, he should have raised that concern.

presented Petitioner with a materially different understanding of the agreement.  This was more than a failure to predict; it was a failure to advise Petitioner of the consequences of the plea agreement.

To the extent the Government has not objected to the Magistrate Judge's other findings and recommendations, the Court has carefully reviewed the entire file, and finds the remaining findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED as follows:

1.  The findings and recommendations filed February 14, 2024 (ECF No. 174) are adopted in full.

2.  The January 6, 2020 (ECF No. 99) motion to vacate, set aside, or correct Petitioner's sentence pursuant to 28 U.S.C. § 2255 is GRANTED.

3.  Petitioner's guilty plea entered June 3, 2016, is VACATED.

4.  Pursuant to the Detention Order entered October 7, 2014 (ECF No. 3), the Defendant is ordered detained without prejudice.  Any motions regarding custody status or housing should be brought before the appropriate Magistrate Judge.

5.  The Court is advised that the United States Marshal requires at least four weeks to transport Petitioner to the Court for any further proceedings.  Accordingly, a status conference shall be held before the Hon. Daniel J. Calabretta on May 16, 2024 at 9:00 am in Courtroom 10.  Time is excluded under the Speedy Trial Act until that date pursuant to 18 U.S.C. § 3161(h)(3)(A), local code M.

6.  The Clerk of the Court is directed to serve a copy of this Order on the United States Marshal.

IT IS SO ORDERED.

Dated:   **April 17, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE